UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 14-24667-CIV-WILLIAMS

EVELYN CALLIE,

    Plaintiff,

vs.

DISCOVER FINANCIAL SERVICES,

    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court on Defendant's motion to stay (DE 25) pending decision by the United States Supreme Court in *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014) *cert. granted*, 135 S.Ct. 1892 (U.S. Apr. 27, 2015) and the D.C. Circuit's review of the Federal Communications Commission July 2015 Ruling.

The question presented in *Spokeo* is "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." The questions presented to the D.C. Circuit involve, *inter alia*, what type of equipment qualifies as an automatic dialing system, who qualifies as a called party under the TCPA, and whether consumers can orally revoke their consent under the TCPA.

Defendant contends that the Supreme Court's decision in *Spokeo* may deprive this Court of subject matter jurisdiction over this matter if the Court rules that a statutory violation is, in and of itself, not an injury-in fact. (DE 25 at 2). However, it is not clear, in

light of binding Eleventh Circuit precedent, that such a decision would necessarily deprive the Court of subject matter jurisdiction over this case. *See Palm Beach Golf Center–Boca, Inc. v. Sarris*, 781 F.3d 1245 (11th Cir. 2015). And, it is rare for the Court to stay a case pending the decision in another matter. Despite the reasons cogently articulated in *Boise v. ACE USA, Inc.*, Case No. 15-CIV-21264, 2015 WL 4077433, at *5 (S.D. Fla. July 6, 2015), regarding a stay, Defendant's motion (DE 19) is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, this __ day of November, 2015.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE